21-2801. Thank you. Good morning, your honors. My name is Michael Bachrach. I represent the appellant Jacob Loyd. It's good to see you all again. Your honors, this is a case examining Rule 11 of the Federal Rules of Criminal Procedure. As your honors are aware, there are 17 distinct requirements in this rule, and this case relates to two of them. Two that are generally glossed over or overlapping in their distinctions, but that have very different meanings. One is under Federal Rule 11b-3, which discusses the factual underlying predicate, were the facts necessary to establish not simply whether the facts were present, but whether or not the defendant understood the nature of the charges. But you have a more specific argument. Namely, it relates to leading questions in the context of an allegation. Is that right? Yes, your honor, because that's how you get to the understanding. That is correct, your honor. So my question here is, you know, the issue raised here is, can you, in essence, understand the defendant, what the defendant is, can a court determine whether or not the defendant understands the nature of the charges through, solely through close-ended, leading questions that are intended to elicit an affirmative response? But we have a case directly in point that says that you can't say yes or no. We have a case that says that, but that is okay. Why are you here? Your honor, I'm here because you also have cases that state that under certain circumstances, simply the yes or no is not enough. Yeah, well, the way that I think we put it, and I think it's correct, is that the better practice is. But that we've also, as Judge Calabresi mentioned, said that it's not required. Now, I grant you that there's a little tension there, but if it's not required, and by the way, there's no objection, at least at the district court level, so we're on a plain error. Correct. Then it's difficult for me to see how you can prevail. That said, I do have, well, do you have a question? I do have one question, which is, let's say that we had some requirement in connection with the mode of questioning a defendant, and that we determined that maybe the underlying plea was not fully knowing and voluntary in the way that it's required to be. There's an objection that requires a little less of the district court. It just requires a recitation of what the appellate waiver means without the defendant saying much more than, yes, I understand, I've spoken to my attorney about that. Is that fair? Yes, but then the question becomes whether or not the appellate waiver is enforceable. Right, and so is the underlying infirmity with, in connection with the nature of the charges of the defendant, understanding the nature of the charges, is that undone by, is that a reason to determine that the appellate waiver is not enforceable? Yes, Your Honor. Have we said that somewhere? You've said it twice, Your Honor, at least twice. You said in the United States v. Reedy, where you said an appeal waiver is unenforceable if the plea was not knowingly and voluntarily entered into, which is the case when you don't understand the nature of the charges. And then more specifically in United States v. Blackwell, directly on point, which is a 1999 case of this court. I always come back to the fact that of course you can challenge a waiver as not being voluntary, but what is there in this case that isn't covered already by our cases that says that this is not voluntary? And I almost wonder why you're here doing it. Are you being paid or are you appointed? I'm appointed, Your Honor, and the defendant did insist upon an appeal. Thank you, Your Honor. Obviously, Your Honor, what I'm asking- It covers the sentence and you're not challenging the sentence? Well, there's no question that the appeal waiver- if I were challenging the sentence, the appeal waiver would prevent me from doing so. There's no question about that. I would agree with the government there. But when you are challenging not the sentence, but the actually underlying plea, that is the knowing and voluntary nature of the plea, that is the carve out to the appeal waiver. The appeal waiver doesn't cover the challenge. If it does cover the challenge, can you show that the waiver was not knowing and voluntary? That's the analysis, right? Did we get past the first step here? Well, Your Honor, I think what this court has said, specifically in Blackwell, is that if you're challenging specifically the nature- the defendant's understanding of the nature of the offense, then that is- that is- gets you past that first step because that establishes that it's unenforceable. In terms of the analysis, in your view, is to look at the underlying issue of whether the plea was knowing and voluntary, and then that will affect our analysis of whether the appellate waiver is enforceable. That's correct, Your Honor. That's directly on point. And again, I recognize that I am taking- or the appellant is taking the Hollingshed case and asking Your Honors to broaden its interpretation of that. We're asking Your Honors to do that in conjunction with this court's- Because that's a better practice- That's a better practice case, yes. And in conjunction with this court's more recent case as well in Murphy, where they- where this court said what's essential is that the court- is that the court determines the defendant actually understands the nature of the charge. And what I'm suggesting, Your Honor, is to be able to actually understand something, you have to do what in most judges, certainly every judge in the Southern District and Eastern District judges do, is to specifically ask that one little question at the end. Tell me in your own words what it is that you did look at. And then the defendant reads what his attorney has prepared. In some cases, yes. And is that different in substance than this plea agreement, which contains something we don't see in the Southern District, a specific factual recitation of what the defendant did. And the defendant has allocated here, read the plea agreement, discussed it with my attorney, et cetera. Well, again, the discuss with the attorney point, that does go to the plea agreement. But whether or not the attorney discussed the nature of the offense and the defendant understands the nature of the offense based upon his discussion with the attorney, this court has specifically said is not a consideration. Because you don't- the court doesn't know whether or not the attorney explained it correctly. So the court has an- and that's also the Blackwell case. So the court has an independent obligation to ensure that the defendant gets- Did you read the plea agreement, which again here contains a specific factual recitation of what the defendant did? Yes, Your Honor. I read the plea agreement. I see what the plea agreement says. And, Your Honor, that doesn't necessarily mean that the defendant understood the plea agreement or understood what it said. It's the difference between acknowledging the facts occurred versus understanding what they did wrong. I mean, there's a reason why we said the better practice for purposes of appellate review. It's helpful because the cold record, for example, usually doesn't tell us that someone was reading or not an allocation. I'm sorry. To the extent there's not a rule here that it has to be an open-ended allocation, but a defendant does have not an open-ended reading, shouldn't the fact that the plea agreement contains a specific factual recitation be relevant to sort of the overall context? I think that's a factor that certainly can be considered. The Second Circuit has long held that you have to take a look at the entire record. So that would certainly be part of it. But then so, too, is the fact that the defendant is then seeking to whether or not he was willing to accept responsibility. Thank you, Your Honor. Good morning. May it please the Court. Katherine Gregory representing the United States. This Court should affirm the judgment. The appellant points to no Rule 11 error, let alone a plain error that affected his substantial rights. His only complaint comes in the form of the questions that he was asked during the colloquy, which resulted in some yes or no answers. But as we pointed out in our brief, you can see at pages 56 to 59 of the record that Judge Siracusa did not just rely on yes or no questions. He also asked questions that were outside of the factual basis for the plea. Why did you target the Beatle? Were these men or women? Did you know these people? And he goes through several questions like that, which the appellant answered, not always yes or no, showing that he understood the nature of the charges. Additionally, at pages 50 to 52, you see Judge Siracusa explaining the nature of the charges with respect to the elements. And then he says, do you understand? Is your argument that in this case, in any event, it is really quite clear that the person understood what was going on? And so even if we were to come back, try to back away from what we have held and require more, it shouldn't be in this case. That's correct, Your Honor. That's correct. And Judge Siracusa said several times, let me put it another way and explain twice, even after he got the affirmative yes, I understand. And you see that at 50-52. He's very thorough in his plea colloquies to make sure that every defendant in particular, Mr. Lloyd, understands the nature of those charges and that there is a factual basis. But should we, just as a matter of practice, speak a little more strongly than we have about the kinds of questions that are asked, so that in a case that is perhaps more dubious than this, we have some real confidence that the person who is waving knows what is going on? Not necessarily, Your Honor. I think it does depend a great deal on the contents of the plea agreement itself and whether the defendant confirms that he has discussed it with his attorney. After all, he does have counsel there with him. The court doesn't need to review everything as if it's his attorney. If, like in this case, there is a detailed factual allocution in the plea agreement and then it's recited and framed several different ways for the defendant, Toria's controls, where it says that a simple and straightforward yes, Your Honor, is sufficient to find a defendant to its consequences. I don't think that there's a need for this court to go further. I do acknowledge... But we've said it's a better practice. I don't think that you would disagree that it's a better practice. Yes, I think it is the better practice, Your Honor. I agree with that. Why is that? Because sometimes it can be helpful where a defendant is just saying yes in a row. But is it because it can be helpful to what we review, which is one thing, or is it because as a judge, you can answer yes or no without really knowing what's going on. There are different kinds of better practice. One goes to the substance of what we're trying to find out. The other one is just because it's helpful to us. Or both. Well, I think the question is what's helpful to the district court judge because that's the person making this determination, whether he understands it, whether he truly understands it, and whether there's that factual basis. So if in a case where the district court can determine from what the defendant has said, from their discussion, from their colloquy, then I don't believe it would be necessary. But as better practice, in some cases, it might be for an especially complicated case for example. But I have seen colloquies where the district court asks, tell me what you did, and the defendant just says, I possessed heroin with the intent to distribute. Right, but then the judge should say, but tell me more about what actually happened. To be consistent with what we've said the best practice is. Yeah, sometimes yes and sometimes no. Again though, the factual allegations and the plea agreements are typically very detailed and usually they go over them word by word. If not, you've discussed it. When you say they go over them, you mean the district court judge or the? The district court judges in many cases review it when they go through the entire plea agreement with the defendant. So I don't want to say in every case, and I agree that the better practice would be to cover all of those bases as it were. But in this particular case, just as in Hollingshed, it's not plain error. Certainly on this record, Mr. Lloyd clearly understood both the nature of the offenses put another way, as Judge Sirigusa put it, as well as the factual basis for the plea. Counsel, you stood up and said we should affirm the judgment, not dismiss the appeal. You don't think the appeal waiver bars us from considering this argument first, that the plea was not knowing and voluntary? Well, when it goes to the structural integrity of the plea, then this appeal waiver, the way that it's written, may not cover it. It doesn't cover it. I think we do have precedent for that point. Again, there are two aspects of it. It's not challenging a sentence. It's not within the terms of the waiver. And then even if it were, there's the Rule 11 question first. Yes, the validity of the plea itself. Yes, you're absolutely correct. So wait a minute. On the decreed result here. Go ahead. You go ahead. One way to look at this is that there is, in effect here, an acknowledgement by Mr. Lloyd that there is no restriction. In other words, that what happened here was not a violation of law, but he reverts to the better practice language in Hollandship. With respect to the underlying issue of whether the plea was knowing and voluntary. And as you point out, that that's a plain error issue. Doesn't that immediately then take us to the appellate waiver? I'm not sure I understand your question, Your Honor. I would say that the way that our appeal waivers are written is that you can't attack any component of the sentence. It doesn't say the underlying conviction and sentence. It just attacking the voluntariness of the plea. And this could be an error on my part of misreading whether or not he's attacking the voluntary nature of the waiver versus the... If he is attacking the voluntariness of the plea by saying that what is better practice in this case leads to an error, then if we disagree ultimately, then we have to affirm we don't dismiss because he has a right to challenge the voluntariness. If he were only saying, I'm not challenging the voluntariness of the plea, I just think that the waiver is not a good one, then we would dismiss. Well, there's a question there, I think. Question mark? Yes, that sounds correct, Your Honor. This may be something we need to discuss, but what then prevents a defendant in each case from just challenging the underlying plea in order to dismiss with the many, many decisions, I think, where there is a challenge to the underlying conviction and we dismiss because of the appellate waiver? That's an excellent question. I would refer again to the way that these appeal waivers are worded and that if he's not attacking... The way that it's worded, if he's not attacking the sentence, if he's attacking the plea itself or the underlying conviction in some manner, then the appeal waiver, generally speaking, may not apply. Your Honor is correct in that sense. But typically what we see is that not every defendant wants to completely unwind the agreement and go back. Oh, sure. Typically what we see is he's usually challenging the sentence if he's already gone through that process of pleading guilty. Thank you very much. Thank you. Mr. Baca. Your Honor, obviously here this is a case where the defendant is specifically challenging the voluntariness of his plea and is, in fact, trying to wind everything back. That's exactly what he does in his pro se submission where he, in essence, is disavowing his acceptance of responsibility by arguing that he should never have had to plead guilty to begin with because there was a wrongful ruling in the suppression hearing and is blaming everything on the magistrate judge who originally ruled on the suppression hearing. Clearly a misunderstanding of where things were by that point in the proceedings and what he had done. Or a change of heart. Or a change of heart is possible, just as possible as it is maybe unlikely as it is. But I think it's important that you evaluate his case in the context of the better practice and in examining the facts of his case. Yeah, but you're not, you're saying that whatever else may happen in other cases, in this case there is a genuine claim of involuntariness and therefore that's what we should focus on. Correct, Your Honor. Correct. There are no other questions. Thank you very much.